11-2942-cr
United States v. McGhie

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
             CHESTER J. STRAUB,
             CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                          11-2942-cr

HASAAN MCGHIE,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              PAUL J. ANGIOLETTI, Staten
                           Island, New York.

FOR APPELLEES:             MICHAEL P. CANTY (Peter A.
                           Norling on the brief), *for*
                           Loretta E. Lynch, United States
                           Attorneys Office for the Eastern
                           District of New York, New York,
                           New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Hasaan McGhie challenges his sentence to 60 months' imprisonment and three years' supervised release following his guilty plea to two charges of violating supervised release. In 2004, McGhie was sentenced to time served and five years' supervised release after pleading guilty to conspiring to distribute at least 50 grams of cocaine base and to possession of a firearm in furtherance of a drug trafficking crime. McGhie violated supervised release in 2008 when he went to Utah where he assumed another identity and was convicted of attempting to disarm a police officer. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review all sentences for reasonableness. <u>United States v. Cossey</u>, 632 F.3d 82, 86 (2d Cir. 2011) (citing <u>United States v. Booker</u>, 543 U.S. 220, 260-62 (2005)). This includes sentences imposed for violations of supervised release. <u>United States v. Fleming</u>, 397 F.3d 95, 99 (2d Cir. 2005). The reasonableness inquiry involves an examination of both the procedures used to arrive at a sentence (<u>i.e.</u>, procedural reasonableness) and of the length of sentence (<u>i.e.</u>, substantive reasonableness). <u>Cossey</u>, 632 F.3d at 86.

For both procedural and substantive reasonableness, the standard of review is abuse of discretion. <u>Gall v. United States</u>, 552 U.S. 38, 52 (2007) (noting the "deferential abuse-of-discretion standard of review that applies to all sentencing decisions"). The standard is very deferential to the district court's sentencing determination. <u>See, e.g.</u>, <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (<u>in banc</u>) (noting that the Court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions") (internal quotation omitted); <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009) (requiring sentence to be "shockingly high, shockingly

low, or otherwise unsupportable" for substantive unreasonableness); <u>United States v. Fernandez</u>, 443 F.3d 19, 30 (2d Cir. 2006) (applying presumption on procedural inquiry that "sentencing judge has faithfully discharged her duty to consider the statutory factors").

McGhie's numerous appellate arguments mainly challenge the substantive reasonableness of his 60 month sentence. The Sentencing Guidelines recommended a sentence of 46 to 57 months. He argues that the district court failed to give any weight to his mental health issues in arriving at a sentence. That argument is simply belied by the record; the district court carefully considered McGhie's mental health issues. In any event, the sentence was based on a host of factors, carefully recited by the court, including: the lenient sentence imposed for McGhie's 2004 drug trafficking offense; the violent nature of McGhie's violation of supervised release; McGhie's criminal history; and the need to protect society from McGhie's conduct. McGhie has shown no procedural error, nor can he satisfy the stringent standard of substantive unreasonableness. There is no reason to disturb the district court's judgment here.

Finding no merit in McGhie's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK