12-1527-cr
United States v. Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            **Chief Judge**,
                SUSAN L. CARNEY,
                CHRISTOPHER F. DRONEY,
                            **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                        12-1527-cr

RAKEEM FIGUEROA, AKA RAWLY, JAMEL
JORDAN, AKA JIGGA,
        **Defendants**,

RASHEEN JONES, AKA EASY,
        **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                MARY ANNE WIRTH, Bleakley Platt
                              & Schmidt, LLP, White Plains,
                              New York.

1

**FOR APPELLEES:**                    MATTHEW S. AMATRUDA, Assistant
United States Attorney (Emily
Berger, Assistant United States
Attorney, <u>on the brief</u>), <u>for</u>
Loretta E. Lynch, United States
Attorney for the Eastern
District of New York, Brooklyn,
New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Rasheen Jones appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>), sentencing him to 48 months' imprisonment and three years' supervised release on his conviction (resulting from a guilty plea) for conspiring to distribute and possess with intent to distribute cocaine base (in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1), 846). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Jones argues that the sentence improperly took into account his involvement in the attempted robbery and felony-murder of gang member Hercules Jones (no relation). We review all sentences for reasonableness. <u>United States v. Cossey</u>, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam) (citing <u>United States v. Booker</u>, 543 U.S. 220, 260-62 (2005)). The reasonableness inquiry encompasses an assessment of the procedures used to arrive at a sentence (<u>i.e.</u>, procedural reasonableness) and an assessment of the length of sentence (<u>i.e.</u>, substantive reasonableness). <u>Cossey</u>, 632 F.3d at 86. "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks and citations omitted).

A district court may consider unrelated criminal conduct in sentencing if it can be proven by a preponderance of the evidence, even if a defendant has been acquitted of that conduct. United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam); see also Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013) ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); United States v. Broxmeyer, 699 F.3d 265, 293 (2d Cir. 2012); United States v. Wernick, 691 F.3d 108, 110-11 (2d Cir. 2012). After a thorough Fatico hearing, the district court found by a preponderance of evidence that Jones was involved in the murder of Hercules, an offense for which Jones was never charged. In sentencing, the district court made clear that it was not punishing Jones for his role in the murder, but that Jones's involvement was simply one relevant consideration under 18 U.S.C. § 3553(a). The 48-month sentence was justified by, among other valid considerations, the seriousness of his offense, the lengthy criminal history, and the likelihood of recidivism. This sentence was both procedurally and substantively reasonable.

For the foregoing reasons, and finding no merit in Jones's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3