United States v. Beardsley

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                        12-4828

WAYNE BEARDSLEY,
         Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             Melissa A. Tuohey (James P. Egan, on the brief), for Lisa A. Peebles, Federal Public Defender, Syracuse, New York.

FOR APPELLEES:             Brenda K. Sannes, for Richard Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Wayne Beardsley appeals from a sentence imposed by the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>), following a guilty plea to receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). Beardsley was sentenced to 180 months' imprisonment (concurrent with 120 months for the second charge in this case), lifetime supervised release, and a special assessment of $200. On appeal, Beardsley argues the sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review all sentences for reasonableness. <u>United States v. Cossey</u>, 632 F.3d 82, 86 (2d Cir. 2011) (citing <u>United States v. Booker</u>, 543 U.S. 220, 260-62 (2005)). "[S]ubstantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3353(a) factors supported' the sentence imposed." <u>United States v. Jones</u>, 531 F.3d 163, 170 (2d Cir. 2008). In answering this question, we "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). <u>See also</u> <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009) (requiring sentence to be "shockingly high, shockingly low, or otherwise unsupportable" for substantive unreasonableness).

Beardsley challenges the weight given to various sentencing factors in the sentencing decision, but his arguments are unavailing. The district court properly considered Beardsley's previous conduct as a juvenile in molesting three other children--particularly in light of Beardsley's subsequent conduct as an adult. Beardsley's objection to consideration of his juvenile conduct in the

presentence report was waived when he failed to object on those grounds during sentencing. See United States v. Caba, 955 F.2d 182, 187 (2d Cir. 1992) (holding defendant's failure to object to the drug quantity assessment in the presentence report at sentencing was a waiver of the issue on appeal). As to his previous conviction for endangering a child, the court properly focused on the conduct underlying the conviction. Beardsley's argument that the district court failed to adequately weigh his efforts at rehabilitation are unsupported by the record. The district court simply reached a different conclusion after its review: that the failure of Beardsley's attempts at treatment evidence his threat to the public. There is no reason to disturb the district court's judgment here.

Finding no merit in Beardsley's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK