09-5170-cr
USA v. Cossey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: November 16, 2010                    Decided: January 28, 2011 )

Docket No. 09-5170-cr

_____

UNITED STATES OF AMERICA,
                    *Appellee,*

        v.

GARY COSSEY,

                *Defendant-Appellant*.

_____

Before: KEARSE, WALKER, Jr., and POOLER, *Circuit Judges*.

        Appeal from a decision of the United States District Court for the Northern District of

New York (Sharpe, *J.*) sentencing defendant Gary Cossey ("Cossey") to seventy-eight months'

imprisonment.  We vacate the sentence and remand with instructions that the case be assigned to

a different judge for resentencing.

        Vacated and remanded to a different judge for resentencing.

_____

                        GEORGE E. BAIRD, Assistant Federal Public
                        Defender, Albany, NY, *for Defendant-Appellant Gary Cossey*.

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, (Nathaniel J. Dorfman, Assistant United States Attorney, on the brief) Albany, NY, *for Appellee*.

PER CURIAM:

## BACKGROUND

On September 12, 2008, Gary Cossey ("Cossey") was charged with two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Count One charged Cossey with possessing child pornography on his computer between September 13, 2003, and October 14, 2005. Count Two charged him with possessing child pornography on a Lexar thumbdrive between September 13, 2003, and October 14, 2005. Cossey pleaded guilty to Count One for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), pursuant to a Plea Agreement entered into on February 13, 2009. The Plea Agreement reserved his right to appeal any sentence greater than fifty-seven months. On December 3, 2009, the district court sentenced Cossey to seventy-eight months' imprisonment, a life term of supervised release, and a mandatory assessment of one hundred dollars.

## DISCUSSION

On appeal, Cossey asserts the sentence imposed by the district court was procedurally and substantively unreasonable. He alleges that the sentence imposed by the district court was unreasonable because the court failed to properly consider the factors under 18 U.S.C. § 3553(a), disregarded mitigating facts, relied on clearly erroneous facts, depended on suppositions unsupported by the record, imposed a sentence that was greater than necessary under the totality of the circumstances, and mistakenly presumed that a within-Guidelines sentence was

2

reasonable.

The standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007).

To impose a procedurally reasonable sentence, a district court must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation. *See Gall*, 552 U.S. at 51. If the district court is found to have committed no procedural errors, "the appellate court should then consider the substantive reasonableness of the sentence imposed," which includes looking to the "totality of the circumstances." *Id.*

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings with respect to sentencing, established by a "preponderance of the evidence," are reviewed for clear error. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the

discretion to rely on the wide array of facts before it, including information set forth in the pre-sentence report, as well as evidence that would not be admissible at trial, so long as the defendant is given an opportunity to contest the accuracy of that information. *See United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 182 (2d Cir. 1990); *United States v. Romano*, 825 F.2d 725, 728-29 (2d Cir. 1987).

The Government asserts that Cossey failed to object to the procedural errors he now raises on appeal, with the exception of a factual dispute regarding information included in a psychological evaluation submitted in the record. Accordingly, the Government argues that Cossey's unobjected-to claims should be reviewed for "plain error."

Cossey's principal allegation on appeal, which was not presented at sentencing, is that the court relied on an idea that he would re-offend, based on a notion that Cossey is genetically predisposed to view child pornography. Accordingly, Cossey's allegations concerning the court's improper consideration of his genetic predisposition to re-offend, and his objections generally to the court's reliance on his potential to re-offend, should be reviewed for plain error. *See Villafuerte*, 502 F.3d at 208-09 (plain error review appropriate where objection or error was not raised at sentencing). To establish plain error, appellant must show there was (1) error (2) that is plain and (3) that affects substantial rights. *See id.* at 209; *accord United States v. Marcus*, 130 S.Ct. 2159, 2164 (2010). Moreover, "the error must be clear or obvious, at the time of appellate review." *Villafuerte*, 502 F.3d at 209 (citations omitted). Finally, we may exercise our discretion to notice the forfeited error only if the error "'seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

4

A reviewing court entertains "a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006). There is no single formulation a district court must follow in deciding upon a sentence, but a judge must generally consider the Guidelines, along with "all of the other factors listed in section 3553(a)." *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138, 142 (2d Cir. 2005). While the district court did not specifically state it was considering the § 3553(a) factors, there is no requirement that it must, and the Government is correct in asserting the court's discussions touched upon the history of the defendant, the circumstances of the offense, and defendant's propensity to re-offend.

In determining Cossey's sentence, the district court rejected two separate psychological evaluations that had found Cossey was at a low to moderate risk to re-offend. The first report was conducted pursuant to a referral from Pretrial Services; the second report was conducted about one month later, upon Cossey's visit to a psychologist. The court dismissed those reports, explaining that "[t]he opinions of the psychologists and the psychiatrists as to what harm you may pose to those children in the future is virtually worthless here." One reason the court offered was that it did not "have a lot of faith in that profession in the first place" because the profession is "all over the board on those issues." The court continued, informing Cossey it needed "to share a view that's a little different than what you're hearing from your psychiatrists and that's because I'm not sure there's any answer for what I see here beyond what I'm about to tell ya." The court predicted that some fifty years from now Cossey's offense conduct would likely be discovered to be caused by "a gene you were born with. And it's not a gene you can get rid of."

The court expressed its belief that although Cossey was in therapy, it "can only lead, in my view, to a sincere effort on your part to control, but you can't get rid of it. You are what you're born with. And that's the only explanation for what I see here."

While a defendant's propensity to re-offend is a proper consideration under § 3553(a)(2)(C), the court below relied on this single factor, which it linked to its unsupported belief that Cossey was prevented from controlling his behavior due to a genetic inability to do so. *See United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (explaining "we are troubled by the district court's apparent assumption that [defendant] was likely to actually sexually assault a child, a view unsupported by the record evidence" and that, "in the face of record evidence to the contrary, caused the district court to place unreasonable weight on this sentencing factor"). Of course, a psychologist's report is no substitute for a sentencing court's "independent evaluation of the defendant in light of the" § 3553(a) factors; and where a "psychologist's report cannot be squared with the court's own judgment of the defendant's culpability and the danger he poses to society, the court is free, in its discretion, to decline to rely on the psychologist's findings, so long as the court explains its basis for doing so." *United States v. DeSilva*, 613 F.3d 352, 356-57 (2d Cir. 2010) (per curiam). But here, the sentencing hearing focused nearly entirely on the court's belief that Cossey could not but return to viewing child pornography, because of an as-of-yet undiscovered gene: "I'm not gonna be surprised that it is not what happened to you as a child, . . . but I'm not going to be surprised instead but that it is a gene you were born with. And it's not a gene you can get rid of."

The Government highlights a potentially proper basis for the court's decision--it argues that the court decided Cossey would re-offend based on the fact that Cossey continued viewing

6

child pornography after an initial investigation was conducted by the Federal Bureau of Investigation ("FBI") in 2001. The Government is correct in asserting that considering Cossey's return to viewing child pornography after the FBI investigation would be an appropriate basis for the court's finding that Cossey is at a high risk for re-offending. However, the court, citing "a gene you were born with," and "not a gene you can get rid of," stated that "[y]ou are what you're born with. And that's the only explanation for what I see here. Because . . . there's no other explanation for the fact that the FBI is knocking on the door telling you that you are the subject of investigation for precisely what you end up prosecuted for. You walk away from it; when you think they're no longer there, you're right back at it." The court then stated that the problem is that "[i]t is something you could not control." After explaining its personal views regarding Cossey's conduct and the reasons behind it, the court concluded "[f]or all of those reasons . . . I am persuaded that the advisory guideline here, at the minimum, is the appropriate sentence."

It is undisputed that it would be impermissible for the court to base its decision of recidivism on its unsupported theory of genetics. For Cossey's challenge to survive, there must be error and it must be plain. Where a district court relies on its own scientific theories of human nature to sentence a defendant, as it does here, a finding of plain error is warranted. The court's belief that Cossey was genetically incapable of controlling his urges affected the court's decision to sentence him to imprisonment, to impose a prison term that is lengthy, and to order him to submit to supervised release for life, all of which affect Cossey's substantial rights. Once plain error affecting substantial rights has been established, an appellate court may exercise its discretion to correct it if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Doe*, 297 F.3d at 82. It is uncontroversial to conclude that a sentencing

7

decision that relies on factual findings that were unsupported in the record, and thus could not possibly have been established by a preponderance of the evidence, seriously affects the fairness, integrity, and public reputation of judicial proceedings.

The record supports a finding that plain error occurred insofar as the court decided to sentence Cossey based on its conclusion that he would re-offend due to its prediction as to the state of the science of genetics "fifty years from now." The record also contains, however, evidence that would support the district court's decision that Cossey would re-offend based on an appropriate consideration that he did in fact re-offend at least once. The reviewing court in *United States v. Juwa*, 508 F.3d 694 (2d Cir. 2007), faced a situation where the district court had not made clear whether it based its sentence on the assumption that the defendant had engaged in multiple instances of misconduct, or on the single instance to which defendant was going to plead guilty. Because it was unclear whether the district court, in sentencing, improperly relied on uncharged conduct that was not substantiated by a preponderance of the evidence, the appellate court remanded "with instructions to resentence the defendant consistent with this opinion and to make clear the basis upon which the sentence rests." *Id.* at 702.

We take the case before us one step farther than did the court in *Juwa*, however, as we find it necessary to remand the case to a different judge. As a general rule, "resentencing before a different judge is required only in the rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." *United States v. Bradley*, 812 F.2d 774, 782 n.9 (2d Cir. 1987) (citing *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam) (en banc)). This is one such instance. The extent of the discussion concerning Cossey's genetic predisposition to re-offend has raised serious concerns over the objectivity of the judge in

8

resentencing Cossey.  Accordingly, we remand the case to a different judge.


## CONCLUSION

The judgment of the district court hereby is VACATED and REMANDED for

resentencing consistent with this opinion, with instructions to assign the case to a different judge.