12-3431-cr
*United States v. El-Sebai*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 12-3431-cr

AYAD EL-SEBAI,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Joyce C. London (Michael A. Young, *of counsel*), Joyce C. London, P.C., New York, NY. |
| **FOR APPELLEE:** | Susan Corkery, Alicyn L. Cooley, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Ayad El-Sebai pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A), and one count of naturalization fraud, in violation of 18 U.S.C. § 1425(a). As relevant here, the District Court sentenced him to concurrent prison terms of 36 months. On appeal, El-Sebai argues that the District Court erred in its calculation of the advisory sentencing range under the United States Sentencing Guidelines (the "Guidelines") by denying him a two-level "minor participant" reduction. *See* U.S.S.G. § 3B1.2. He also argues that his sentence was substantively unreasonable under the general sentencing principles stated in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

### i.

We review a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted). Accordingly, a district court abuses its discretion if it commits a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We review *de novo* a district court's interpretation and legal application of the Guidelines. *See United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).

### ii.

El-Sebai first argues that the District Court erroneously refused to apply a two-level reduction in his offense level pursuant to § 3B1.2(b) of the Guidelines. Section 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2. In the Guidelines commentary, which "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline," *Stinson v. United States*, 508 U.S. 36, 38 (1993), the Sentencing Commission has explained that this provision applies to "a defendant who plays a part in committing the offense that makes him *substantially less culpable* than the average participant," U.S.S.G. § 3B1.2, application note 3(A) (emphasis added); *see also id.* § 3B1.2, application notes 4 & 5 (explaining the difference between "minimal" and "minor" roles).

After hearing arguments from both the government and the defendant on this issue, the District Court held that El-Sebai "was not less culpable for his position within this conspiracy." Spec. App'x 28. We do not disturb this reasonable assessment of the evidence. Although the defense correctly points out El-Sebai apparently did not touch the illicit drugs, he assisted the criminal enterprise by supplying the "cutting" agents used to prepare the drugs for distribution, and he arranged for portions of the drugs to be distributed at his café. Moreover, El-Sebai was involved in this scheme over the course of many years, and he had an established relationship with the coconspirators, thus increasing his culpability for the charged offense. *See, e.g., United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990) ("The culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise."). Accordingly, we conclude that the District Court did not clearly err, or otherwise "abuse its discretion," by declining to apply the "minor participant" reduction.

### iii.

El-Sebai further argues that his 36-month sentence was substantively unreasonable. The substantive reasonableness of a sentence is determined through "individualized application of the statutory sentencing factors." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010). Given the broad deference to a district court's assessment of these factors, our appellate review "is intended to provide a backstop against sentences that are shockingly high, shockingly low, or otherwise unsupportable as a matter of law," not to test a district court's decision against what we would have done in the first instance. *Id.* at 183 (internal quotation marks omitted). Accordingly, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the

totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (internal citation omitted).

Applying this highly deferential standard, we do not disturb the District Court's conclusion that a 36-month prison term was appropriate in light of the relevant sentencing factors under § 3553(a). Notably, the District Court *did* take El-Sebai's various arguments into consideration, and on that basis gave a 36-month prison sentence, rather than one within the advisory Guidelines range of 97 to 121 months.[1] Having reviewed the sentencing record, we conclude that the District Court did not fail to consider any of El-Sebai's arguments, nor did it unreasonably weigh any of the relevant sentencing factors in making its decision.

## CONCLUSION

We have reviewed all of El-Sebai's arguments and find them to be without merit. Accordingly, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The Court also concluded that, pursuant to 18 U.S.C. 3553(f), El-Sebai was not subject to the ten-year mandatory minimum prison term that would otherwise have applied to his narcotics offense.

4