13-1159-pr
Henry v. Dinelle

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                      *Chief Judge*,
            CHESTER J. STRAUB,
            RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

───────────────────────────────────────────────

JONATHAN HENRY,

                      *Plaintiff-Appellant*,

                      v.                                    No. 13-1159-pr

JAMES F. DINELLE, RUSSELL E. DUCKETT, ALFRED J. DELUCA, DONALD L. BROEKEMA, JEAN NORTON,

                      *Defendants-Appellees.*

───────────────────────────────────────────────

For Plaintiff-Appellant:        EDWARD SIVIN, Sivin & Miller, LLP, New York, NY

For Defendants-Appellees:       MARTIN A. HOTVET, Assistant Solicitor General of the State of
                                New York (Barbara D. Underwood, Solicitor General of the
                                State of New York, and Denise A. Hartman, Assistant
                                Solicitor General of the State of New York, *on the brief*), *for*
                                Eric T. Schneiderman, Attorney General of the State of New
                                York, Albany, NY

        Appeal from the United States District Court for the Northern District of New York
(Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Jonathan Henry brought suit under 42 U.S.C. § 1983, claiming that defendants had violated his Eighth Amendment right to be free from cruel and unusual punishment. On June 15, 2012, the United States District Court for the Northern District of New York (Suddaby, *J.*), entered judgment for defendants after a jury trial. Henry now appeals from that judgment, and from a March 8, 2013 decision and order by the same court denying his motion for judgment as a matter of law or for a new trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We normally review de novo the denial of a motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law. *Lore v. City of Syracuse*, 670 F.3d 127, 150 (2d Cir. 2012). However, if the moving party failed to seek judgment as a matter of law under Rule 50(a) before the case was submitted to the jury, then we may not order judgment as a matter of law unless "required in order to prevent manifest injustice." *Lore*, 670 F.3d at 153. Henry failed to move for judgment as a matter of law under Rule 50(a) before the case was submitted to the jury, and we see no showing of manifest injustice here. We therefore affirm the district court's decision to deny Henry judgment as a matter of law.

We also affirm the district court's decision to deny Henry's motion under Federal Rule of Civil Procedure 59 for a new trial. We normally review that decision for abuse of discretion. *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013). But where, as here, the Rule 59 motion challenges the district court's jury instructions, we review those instructions de novo—unless no objection was raised at trial, in which case we review them only for plain error.

2

*Rasanen v. Doe*, 723 F.3d 325, 332 (2d Cir. 2013). Under the plain error standard, the appellant must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Cossey*, 632 F.3d 82, 86-87 (2d Cir. 2011).

Here, Henry claims that the district court erred by instructing the jury on qualified immunity, and by including an interrogatory on the verdict form relating to qualified immunity. But Henry himself asked the court to give the jury a qualified immunity instruction, and specifically approved the qualified immunity instructions that the court gave. By requesting and approving the qualified immunity instruction, Henry invited the errors of which he now complains. He therefore cannot challenge them on appeal. *See United States v. Hertular*, 562 F.3d 433, 444 (2d Cir. 2009); *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007); *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006).

Moreover, even if Henry had not actively invited the alleged errors, he at least failed to object to those errors at trial, and he cannot show plain error. *See Rasanen,* 723 F.3d at 332. If the district court did err in this case, the error was not plain, and it did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Henry therefore is not entitled to relief.

To the extent that Henry also contends that the verdict was inconsistent, he waived that argument by failing to object to either the jury instructions or the verdict form, and by failing to object to the inconsistent verdict before the jury was excused. *Kosmynka v. Polaris Indus.*, 462 F.3d 74, 83-85 (2d Cir. 2006). Given Henry's persistent failure to raise the issue in a timely fashion below, we choose not to exercise our discretion to overlook this waiver. *See Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 55-56 (2d Cir. 1992).

We have considered Henry's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
