United States v. Spencer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    13-2268

ONTARIO SPENCER,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              DAVID A. LEWIS, Federal
                            Defenders of New York, Inc., New
                            York, New York.

FOR APPELLEES:             LAUREN HOWARD ELBERT (Susan
                            Corkery, on the brief), for
                            Loretta E. Lynch, United States
                            Attorney for the Eastern

District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ontario Spencer appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, J.), convicting him of escape from custody, in violation of 18 U.S.C. § 751(a). Spencer argues the district court's sentence was substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentences for reasonableness, United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," see United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This concept applies to both "'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." Id. (internal citations, brackets, and quotation marks omitted).

The court appropriately considered all of the information before it, including the submissions made on Spencer's behalf. Indeed, the arguments presented by Spencer influenced the decision to sentence him at the bottom of the Guidelines range. We conclude that the district court did not abuse its discretion in its sentencing decision.

For the foregoing reasons, and finding no merit in Spencer's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK