United States v. Kasparek

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
>> *Circuit Judges*.

———————————————————————————————

ROBERT KASPAREK,

> *Petitioner*,

v.                                                           No. 13-2455

UNITED STATES PAROLE COMMISSION,

> *Respondent*.

———————————————————————————————

For Petitioner:                          MOLLY K. CORBETT (Paul J. Evangelista, Assistant Federal Public Defender, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

For Respondent: SHARON GERVASONI, Assistant General Counsel, *for* J. Patricia Smoot, Acting General Counsel, United States Parole Commission, Washington, DC.

Petition for review of a transfer-treaty determination by the United States Parole Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Robert Kasparek, a transfer treaty prisoner imprisoned within this Circuit, petitions for review of the United States Parole Commission's determination of his release date pursuant to 18 U.S.C. § 4106A. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

Kasparek was convicted of second-degree murder by a Canadian court and sentenced to life imprisonment, as is mandatory under Canadian law, *see* Canada Criminal Code, R.S.C. 1985, c. C-46, § 235, with a possibility of parole after fourteen years. The U.S. Parole Commission is authorized "to determine a release date for an offender transferred to the United States as though the offender were convicted in a United States district court of a similar offense." *Austin v. U.S. Parole Comm'n*, 448 F.3d 197, 200 (2d Cir. 2006) (citing 18 U.S.C. § 4106A(b)(1)(A)). Upon Kasparek's transfer to the United States, the Parole Commission determined that the analogous offense under United States law is also second-degree murder. Applying the Guidelines in force at the time of Kasparek's conviction, the Commission further determined that a base offense level of 33 for his offense should be increased by two levels because the offense involved a vulnerable victim, but decreased by two levels because the defendant accepted responsibility for the offense. Based on a total offense level of 33 and a criminal history category of III, the

2

Commission calculated that the Guidelines range applicable to Kasparek's offense of conviction is 168–210 months' imprisonment. The Commission, however, determined that an upward departure from this range was appropriate in light of Kasparek's criminal history and extreme conduct, *see* U.S.S.G. §§ 4A1.3 & 5K2.8, and therefore set Kasparek's release date to coincide with 320 months' total incarceration.

Kasparek contends that the Commission's determination of his release date violated his Sixth Amendment right to jury trial as elaborated by *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and is both procedurally and substantively unreasonable.

Before turning to the reasonableness of Kasparek's sentence, we reject his Sixth Amendment claim as foreclosed by the law of our Circuit. As we have previously held, "[b]ecause [petitioner's] punishment derives from his violation of [foreign] law, he does not enjoy the Sixth Amendment right to trial by jury . . . ." *Austin*, 448 F.3d at 201. We note, moreover, that the factfinding to which Kasparek objects related only to the Commission's "factfinding used to guide judicial discretion," *Alleyne*, 133 S. Ct. at 2161 n.2, not to the determination of the applicable statutory maximum or minimum term, which was at issue in *Alleyne*. *Alleyne*, therefore, is wholly inapposite to this case.

As to reasonableness, we review the Parole Commission's determination of Kasparek's release date "'as though the determination appealed had been a sentence imposed by a United States district court.'" *Austin*, 448 F.3d at 200 (quoting 18 U.S.C. § 4106A(b)(2)(B)). Accordingly, we review the Commission's release-date determination for reasonableness, which includes a procedural and substantive component. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

3

"Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [18 U.S.C.] § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). By contrast, we are especially deferential to the substantive reasonableness of a sentence, and will "set aside a . . . *substantive* determination" about the appropriate sentence "only in exceptional cases where the . . . decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Kasparek groups a number of disparate arguments under the umbrella of a procedural challenge to the Commission's determination of his release date. None was raised before the Parole Commission, and so we review his claims for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Under that standard of review, we will not correct a putative error unless, among other considerations, the error is "clear or obvious, rather than subject to reasonable dispute." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

Kasparek principally argues that the Commission erred in applying a two-level vulnerable-victim enhancement to his base offense level pursuant to U.S.S.G. § 3A1.1 because the Commission lacked a sufficient and particularized factual basis to conclude the victim was vulnerable." We find no plain error in the Commission's determination that a two-level increase to the base offense level was warranted. As the Commission explained, the offense of conviction involved the extremely violent murder of a seventy-year-old woman. A Probation Officer's

4

report to the Commission similarly noted the Canadian sentencing judge's description of the offense: The crime was a "brutal and callous" offense against "a defenceless 70 year old woman in the sanctity of her home in the middle of the night." J.A. 56. The Canadian authorities also noted the conclusion of a pathologist that "having received [nineteen] blows, [the victim] tried to escape and was pursued by the accused who then stabbed her in the back and the abdomen." J.A. 16. "[A]lthough there is skepticism of generalized assumptions about a victim's vulnerability based upon that person's membership in a class, many cases have upheld vulnerable victim enhancements based on group generalizations." *United States v. McCall*, 174 F.3d 47, 51 (2d Cir. 1998). Thus, it is at least subject to reasonable dispute whether a seventy-year-old woman living alone is particularly vulnerable to the violent offense of which the petitioner was convicted. We accordingly conclude that the Commission did not plainly err in concluding that the petitioner committed this violent offense against a vulnerable victim.

Kasparek also argues that the Commission's release-date determination extended the duration of his sentence beyond the term that he would have served in Canada. His briefing equivocates in styling this claim as procedural error; as a violation of his Sixth Amendment rights; and as a violation of both the applicable treaty, Treaty Between the United States of America and Canada on the Execution of Penal Sentences, U.S.-Can., art. IV(3), Mar. 2, 1977, 30 U.S.T. 6263, and statutory law, 18 U.S.C. § 4106A(b)(1)(C). Contrary to the discordant characterizations of the Canadian sentence contained in Kasparek's briefing, we note that he was sentenced to life imprisonment with a possibility of parole after fourteen years. And, indeed, as his continued incarceration in Canadian prison long after he became parole-eligible demonstrates, Kasparek did not become entitled to release the moment fourteen years had run on

5

his life sentence. His sentence was, instead, avowedly a sentence to "life" imprisonment with *the possibility* of parole. We therefore discern no breach of the treaty, or the transfer statute, in the Commission's determination that Kasparek should be released after 320 months' total incarceration.

Finally, Kasparek argues for the first time in his reply brief that the Commission's determination was substantively unreasonable. "We will not consider an argument raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003). Even if we were to assess the substantive reasonableness of a 320-month term of incarceration, we would find that the term fits comfortably within the range of permissible decisions for so violent a crime.

We have considered Kasparek's remaining arguments and find them to be without merit. For the reasons stated herein, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6