23-6325-cr
*United States v. Ogidi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                          **23-6325-cr**

**Kelechi Ogidi,**

> *Defendant-Appellant.*

_____

FOR APPELLEE:                        BENJAMIN D. KLEIN (Stephen J. Ritchin, *on the brief*) Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:         ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kelechi Ogidi was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 51 months' imprisonment—19 months below the bottom of a Sentencing Guidelines range of 70 to 87 months' imprisonment. It imposed Ogidi's sentence consecutive to any sentence received for state charges that were pending at the time. Ogidi now challenges the constitutionality of his conviction and the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I.      The Constitutionality of Ogidi's Conviction**

Ogidi argues that the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), rendered § 922(g)(1) unconstitutional. We review this argument for plain error because Ogidi did not raise it below. *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018) (reviewing an unpreserved argument that a statute is unconstitutional for plain error). "For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (cleaned up). At this time, no binding precedent holds that § 922(g)(1) is unconstitutional. There was thus no plain error. *See United States v. Brillon*, No.

22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (summary order) (rejecting a constitutional challenge to § 922(g)(1) under plain-error review).

**II.     The Reasonableness of Ogidi's Sentence**

Ogidi also challenges his sentence on several grounds.     First, he argues that imposing the sentence consecutive to, rather than concurrent with, any state sentence was procedurally unreasonable because the district court determined that his pending state charges involved "relevant conduct" but then overlooked § 5G1.3(c) of the Sentencing Guidelines in deciding whether to impose a consecutive or concurrent sentence.     *See* U.S.S.G. § 5G1.3(c) (2021) ("If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."); *see also United States v. Coppola*, 671 F.3d 220, 252 (2d Cir. 2012) (treating a challenge to the district court's decision under § 5G1.3 as one challenging procedural reasonableness).

Ogidi has not preserved this argument.     His position below was that the district court should impose a concurrent sentence even though he maintained that the pending state charges were *not* related conduct.     He did not object to the district court's consecutive sentence based on § 5G1.3(c).     We thus review the district court's decision for plain error.     *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).     Under plain-error review, Ogidi must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."     *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020).

3

Ogidi cannot make this showing. His argument depends largely on the district court's passing statements at sentencing, including that Ogidi's firearm "was discovered because it was being used in connection with another crime." App'x at 45. But the district court at other points during the hearing stated that it did *not* view Ogidi's pending state charges as relevant conduct, including when the district court said that it had "not considered" and was "not taking into account" the state charges. *Id.* at 44, 48-49. It is thus not "clear or obvious" that the district court considered the state charges to be relevant conduct and so it is not "clear or obvious" that it should have sentenced Ogidi concurrent with any future state sentence.

Ogidi's remaining arguments go to substantive reasonableness, which we review under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Ogidi first argues that the district court did not give sufficient weight to various aspects of his background and characteristics. But the district court in fact considered both in light of Ogidi's criminal history and concluded that they "cut both ways." App'x at 45. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up).

Second, Ogidi argues that the district court overlooked the conditions of his prior imprisonment when crafting its sentence. But Ogidi argued below that those conditions merited a sentence reduction, and we "entertain[] a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise."

4

*United States v. Cossey*, 632 F.3d 82, 87 (2d Cir. 2011) (per curiam). At any rate, the record shows that the district court *did* consider the conditions of Ogidi's imprisonment, which it explicitly referenced at sentencing. The sentence was substantively reasonable.

* * *

We have considered Ogidi's remaining arguments and find them to lack merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court