*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges*,
> LAWRENCE J. VILARDO,
> *District Judge.*[*]

---

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　　24-736

DAJUAN WILLIAMS,

　　　　　*Defendant-Appellant.*[†]

---

---

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT:           Chandler W. Matson, Barr Law Group, Stowe, VT.

FOR APPELLEE:                      Nikolas P. Kerest, United States Attorney for the District of Vermont, *with* Gregory L. Waples, Assistant U.S. Attorney, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dajuan Williams pleaded guilty to conspiracy to distribute controlled substances, including 40 grams or more of fentanyl and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and a money-laundering conspiracy, in violation of 18 U.S.C. § 1956. The district court sentenced Williams to a 144-month term of imprisonment and a three-year term of supervised release. On appeal, Williams challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (citation and internal quotation marks omitted). "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States*

*v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (citation and internal quotation marks omitted). "Reasonableness review is akin to a deferential abuse-of-discretion standard." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (citation and internal quotation marks omitted).

## I. Procedural Reasonableness

At sentencing, Williams objected to allegations in the Presentence Report that his offense involved acts of violence and threats, as well as the use and possession of firearms. According to Williams, those allegations were based on hearsay. The district court overruled his objections, which Williams now argues was error. We disagree.

"It has long been established that hearsay evidence is admissible at a sentencing hearing." *United States v. Weinberg*, 852 F.2d 681, 685 (2d Cir. 1988). So "[e]ven if the defendant challenges the hearsay portions of a presentence report, that evidence need not be disregarded if the government introduces corroborating evidence." *Id*. The government did so here, producing "sworn grand jury testimony" and statements "made in the context of law enforcement interviews by witnesses"—all of which were "disclosed in advance to the defense." Joint App'x at 271. In a recorded FaceTime call, for instance, Williams instructed an informant to "kill" another individual. Appellee's Br. at 7; *see also id*. ("I want you to shoot his legs off . . . burn the car up . . . set that bitch on fire and then pop him in the legs . . . .[S]end him to heaven."). And in another recorded phone call, Williams told his wife that "I'm just going to keep getting violent, until I kill you." *Id*. at 6. The record also contained a photograph of a firearm seized from a storage unit maintained by Williams and a photograph of Williams with a co-conspirator wearing a firearm. What is more, Williams himself admitted at sentencing that "I have, in the past, used threats and threats of violence to compel people, to push the things that I wanted." Joint App'x

3

at 301. Ample evidence "bear[ing] sufficient indicia of reliability" thus indicated that Williams used violent threats and firearms, so we find no abuse of discretion in the district court's decision to consider that evidence. *Id*. at 272.

## II.    Substantive Reasonableness

Williams acknowledges that the district court granted "a downward variance and below Guidelines range sentence." Appellant's Br. at 13. But he still argues that his sentence is substantively unreasonable because it "rests upon unreliable information in violation of his due process rights," *id*. at 21, overlooks that he was "stratospheres below the highest echelons of the drug trade," and disregards "the profound human consequences of this extremely lengthy sentence," Appellant's Reply Br. at 2, 4-5. That argument fares no better.

As established above, the district court found the evidence at issue to be reliable, and "[t]he sentencing court is entitled to broad discretion in resolving disputed factual issues." *United States v. Zagari*, 111 F.3d 307, 330 (2d Cir. 1997). Moreover, the district court made clear that Williams's "drug and money-laundering offense"—"involving close to a million dollars"—was "stunning and remarkable in its . . . scope" and "much greater than Vermont conventionally sees." Joint App'x at 308. It explained that Williams's offense had a "national scope," involved an "unusual" volume of drugs, and warranted "serious" punishment. *Id*. at 311; *see also id*. at 309 ("Burlington, in particular has been . . . hit very hard by the importation of . . . cheap methamphetamine and fentanyl over the border from Mexico and into Vermont where it's damaged so many families. So it's a serious offense."). Still, the district court opted for a "substantial variance down from the 60-year guideline sentence" to account for the "dysfunction"

4

and "severe poverty" in which Williams was raised as well as his "earnest commitment . . . to follow through on . . . personal change."  *Id*. at 310, 313.

"In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," which means that "it is difficult to find that a below-Guidelines sentence is unreasonable."  *United States v. Gates*, 84 F.4th 496, 505 (2d Cir. 2023) (cleaned up).  So too here.  On the record before us, we cannot say that the district court imposed a substantively unreasonable sentence.

\*      \*      \*

We have considered Williams's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5