25-568-cr
*United States v. Batista*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges*,

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     25-568

ESTALIN BATISTA,

> *Defendant-Appellant*.

———————————————————————

| | |
|---|---|
| For Appellee: | LAUREN E. PHILLIPS (Adam Hobson, Nathan Rehn, *on the brief*), Assistant U.S. Attorneys *for* Jay Clayton, United States Attorney, Southern District of New York, New York, NY. |
| For Defendant-Appellant: | COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Estalin Batista appeals a final judgment entered by the United States District Court for the Southern District of New York (Caproni, *J.*) on March 5, 2025, sentencing him to twelve months' imprisonment followed by a three-year term of supervised release. On appeal, Batista argues that his sentence is procedurally unreasonable because of two incorrect factual assumptions he claims were made by the district court: (1) that his use of oxycodone was suspect because he was treated by a nurse practitioner rather than a physician; and (2) that he had no pain and was malingering. We disagree.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

\* \* \*

We review a procedural reasonableness challenge to a sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 52 (2007). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). "A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings with respect to sentencing, established by a preponderance of the evidence, are reviewed for clear error." *Id.*

(internal quotations omitted). We assume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors," unless there is record evidence suggesting to the contrary. *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).

Batista first argues that the court incorrectly considered his usage of oxycodone and marijuana suspect merely because he was treated by a nurse practitioner rather than a physician. The record reflects no such assumption. Instead, the court recognized that a doctor had agreed that combining oxycodone and marijuana could be an appropriate course of treatment, credited his attorney's statement that Batista had weaned himself off oxycodone, and acknowledged that he had not tested positive for oxycodone for several months. The district court further made clear it was primarily concerned with Batista's continued use of marijuana and lack of full-time employment. Rather than assuming that Batista's oxycodone use was suspect because of who was prescribing it, the district court's skepticism was driven by Batista's continued use of marijuana in conjunction with his failure to secure full-time employment. That skepticism was reasonable, given Batista's history of addiction—including his admission, made during his April 2021 sentencing, that he had previously abused prescription oxycodone—and his drug-related offenses.

Batista next incorrectly argues that the district court unjustifiably concluded that he was in "no pain" and was instead malingering. Again, here, the district court's inquiry was more complex than Batista represents. To start, Batista makes much of the district court's use of the word "malingerer" a single time during the sentencing hearing. But read in context, the court was expressing skepticism that Batista—who had quit his last full-time job after receiving a substantial amount of money in settlement of litigation, and had not secured full-time employment since—could not secure full-time employment because he was in too much pain. The court noted

that "there is no medical support" for Batista's claim that he is disabled. App'x at 177. Moreover, the district court reviewed video evidence, finding that "there was zero evidence" Batista "was having any difficulty whatsoever moving or that he was in pain." App'x at 169. Therefore, the court concluded that "whatever his back problems are, [they] are not debilitating." *Id.* This conclusion was not clearly erroneous. Batista argues that he did not appear to suffer pain in the video because he was taking oxycodone at the time of the video. Even if that is true, the district court's observations still bear on Batista's inability to secure full-time employment during his probation. Accordingly, the sentence ordered by the district court was not procedurally unreasonable.

* * *

We have considered Batista's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk