25-1897-cr
United States v. Boothe

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                              No. 25-1897-cr

EVERARD BOOTHE,

     *Defendant-Appellant*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:       Jeremiah Donovan, Old Saybrook, CT

FOR APPELLEE:       Karen L. Peck, Elena Lalli Coronado, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, and we REMAND the case to the District Court with instructions to vacate the standard conditions of supervised release and for further proceedings consistent with this order.

Everard Boothe appeals from the July 30, 2025 judgment of the United States District Court for the District of Connecticut (Shea, *C.J.*) sentencing him principally to a term of 132 months' imprisonment and imposing several conditions of supervised release. On appeal, Boothe argues that his custodial sentence is procedurally unreasonable and that the District Court erred in imposing the standard conditions of supervised release listed in § 5D1.3(c) of the

Sentencing Guidelines without pronouncing those conditions at sentencing.[1]  We

assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision.

### I.      Procedural Reasonableness

Boothe maintains that the District Court erred in finding that he possessed

a firearm.  We review a district court's factual findings at sentencing for clear

error.  *See United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).  We will "reject a

finding of fact as clearly erroneous" only where, "upon review of the entire

record, [we are] left with the definite and firm conviction that a mistake has been

committed."  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation

modified).

The District Court did not clearly err.  To start, the court adopted the

factual findings of the Presentence Report ("PSR") without objection.  The PSR

describes an intercepted conversation in which Boothe and a co-defendant

discussed how Boothe "would have had to shoot R.B." if R.B. had "fired first."

PSR ¶ 25.  The PSR also states that a bullet was recovered in a search of Boothe's

---

[1] All citations to the Sentencing Commission Guidelines Manual are to the 2024
Guidelines Manual, which was the Guidelines Manual in effect on the date that Boothe
was sentenced.  *See* U.S.S.G. § 1B1.11(a).

apartment. PSR ¶ 39. And Boothe's counsel admitted that there was "clearly . . . discussion about firearms or what could be perceived as discussions about firearms" in intercepted conversations. App'x 165. The District Court's finding that Boothe possessed a firearm is thus supported by the record and not clearly erroneous.

## II.     Standard Conditions

Boothe also argues that the District Court erred by failing to pronounce orally the twelve standard conditions of supervised release that it imposed in the written judgment. After Boothe's sentencing, this Court held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in § 5D1.3(c) [of the Sentencing Guidelines], must notify the defendant during the sentencing proceeding," either by reading the conditions aloud or by "expressly adopt[ing] or specifically incorporat[ing] by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *United States v. Maiorana*, 153 F.4th 306, 314 (2d Cir. 2025) (en banc).

The parties agree that the District Court did not orally recite or incorporate by reference the standard conditions it later imposed by written judgment, and the Government agrees that a limited remand is appropriate. We therefore remand with instructions to vacate the standard conditions. *See id.* at 315 & n.13.[2] "[I]f the District Court intends to impose [the standard conditions] in the revised judgment, it must convene a hearing in the presence of [Boothe] and must advise [him] that those conditions will be imposed." *Id.* at 315. We note, however, that Boothe may waive such a resentencing hearing or his presence at such a hearing. *See id.* at 315 n.14.

## CONCLUSION

We have considered Boothe's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, and we REMAND the case to the District Court with instructions to vacate the standard conditions of supervised release and for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *Maiorana* established a "new rule of criminal procedure" that applies to "cases," like Boothe's, that are "currently on direct review." 153 F.4th at 314 n.11.

5