14-831-cr
United States v. Goldberger

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT: JOHN M. WALKER, Jr.,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                    No.     14-831-cr

RAOUL GOLDBERGER, AKA Raoul Gold, AKA Raoul Goldberg,

*Defendant - Appellant*.

_____

| | |
|---|---|
| FOR APPELLEE: | DANIEL RICHENTHAL, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, of counsel)*, for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | ROGER LEE STAVIS (Adam Felsenstein, of counsel), Gallet Dreyer & Berkey, LLP, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Defendant-appellant Raoul Goldberger appeals from a judgment of the United States District Court for the Southern District of New York, sentencing him principally to a 60-month term of imprisonment on his conviction for distribution of controlled substances and possession with intent to distribute such substances, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Goldberger challenges his sentence as both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Goldberger pled guilty pursuant to a plea agreement with the government, in which he and the government stipulated to a Guidelines range of 27-33 months. The Presentence Report also calculated Goldberger's Guidelines range at 27-33 months, and recommended that the district court sentence him to a 30-month term of imprisonment. After considering the sentencing factors relevant to Goldberger under 18 U.S.C. § 3553(a), however, the district court imposed a 60-month term of imprisonment – significantly longer than the stipulated Guidelines range.

We review a sentence for "unreasonableness [, which] amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (internal quotation marks omitted). A sentence's reasonableness depends on both its

procedural reasonableness and its substantive reasonableness. *Id*. at 189; *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

I. Procedural Reasonableness

A procedurally reasonable sentence is one in which the district court has determined the applicable Guidelines range, considered the Guidelines along with the factors enumerated in 18 U.S.C. § 3553(a), and determined whether to impose a sentence within the Guidelines. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). "Procedural error occurs in situations where . . . the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id*.; *see also Gall*, 552 U.S. at 51. A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

Goldberger argues that the district court committed procedural error by: (1) relying on erroneous factual findings, including that he was planning to sell, and would have sold, a much higher quantity of drugs had he not been apprehended when he was; (2) inappropriately considering Goldberger's status as a law school graduate in imposing his sentence; and (3) not fully considering, or sufficiently explaining its analysis of, the § 3553(a) factors.

3

None of those arguments has merit. As to the first, the district court's finding was based on Goldberger's statement to a confidential informant that he could sell additional types of drugs, and in larger amounts, should the informant wish to purchase them, and on Goldberger's having worked with a co-defendant who was obtaining pills from France. The district court's finding was thus based on evidence in the record, and not clearly erroneous.

As to the second argument, the district court referred to Goldberger's having graduated from law school at several points during the sentencing. But that factor was one of many considered by the district court in assessing his "history and characteristics" under § 3553(a), as it is required to do. *See* 18 U.S.C. § 3553(a)(1). There was nothing improper about the court's consideration of Goldberger's legal education alongside the other relevant sentencing factors.[1]

Finally, as to Goldberger's third procedural argument, the record refutes Goldberger's claim that the district court failed to consider all of the § 3553(a) factors,

---

[1] Goldberger also protests the district court's characterization of him as a "lawyer," and its misconception, later corrected on the record by defense counsel, that he had been admitted to the bar. He also takes issue with the court's statement that it was "sure [he] didn't take the bar exam because [he was] in the process . . . of being prosecuted or at least looked at or eventually prosecuted in 1999, a year after" he graduated from law school, as having no basis in reality. To the extent this is a separate argument from the argument that the district court improperly considered Goldberger's legal education as a sentencing factor, it has little merit. Even if such a statement constituted error, Goldberger would have to show that it resulted in "an outcome non-trivially different from the outcome that would have occurred in the absence of the error." *United States v. Williams*, 399 F.3d 450, 459 n.12 (2d Cir. 2005). There is no reason to believe that Goldberger's motivation for forgoing admission to the bar, even if mischaracterized by the court, affected the sentence imposed.

4

including, in particular, Goldberger's physical and psychological illnesses. The district judge's comments throughout the sentencing, including her praise of defense counsel's work, indicates that she had read and thoroughly considered the sentencing submissions. And "in the absence of record evidence suggesting the contrary, we entertain a strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence" – a presumption that "is especially forceful when . . . the sentencing judge makes abundantly clear that she has read the relevant submissions . . . ." *United States v. Fernandez*, 443 F.3d 19, 34-35, 29 (2d Cir. 2006), abrogated on other grounds, *Rita v. United States*, 551 U.S. 338 (2007). The district court stated that it had considered the sentencing factors, and explained its reasons for imposing an above-Guidelines sentence. The court was not required to "discuss every § 3553(a) factor individually." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007).

II. Substantive Reasonableness

Our review for substantive reasonableness "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. However, we should "not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) factors in any particular case." *Cavera*, 550 F.3d at 189. While "an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it . . . under the totality of circumstances in the case," we set aside a sentence for substantive unreasonableness

5

"only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. at 191, 189 (internal quotation marks omitted).

Goldberger's sentence, while substantially higher than the top of the stipulated Guidelines range, does not meet that standard. Rather, it can be "located within the range of permissible decisions," particularly in light of the fact that Goldberger's previous sentence of 46 months for a previous similar crime had not deterred him from engaging in similar conduct. Although Goldberger argues that his criminal history category accounted for his prior convictions, that did not prohibit the district court from considering his recidivism in imposing sentence.

We have considered Goldberger's remaining arguments and find them to be without merit. The order of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court