13-3140
United States v. Agbodjan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fifteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

**United States of America,**
> *Appellee*,

> v.                                                          13-3140-cr

**Edmund Agbodjan,**

> *Defendant-Appellant.*

---

| FOR APPELLEE: | Gwendolyn E. Carroll, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY. |
|---|---|
| FOR DEFENDANT-APPELLANT: | Malvina Nathanson, New York, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edmund Agbodjan ("Agbodjan"), appeals a 96-month sentence imposed by the district court following a plea of guilty to access device fraud and aggravated identity theft. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issue on appeal.

We review *de novo* a district court's legal application of the sentencing Guidelines. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation or treats the Guidelines as mandatory." *United States v. Desnoyers*, 708 F.3d 378, 385 (2d Cir. 2013) (alteration in original) (quoting *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc)). Agbodjan argues on appeal that his possession of 710 access devices that he transported into Canada from the United States should be deemed a "foreign crime" and thus the district court should not have figured the conduct into his offense level calculation. We disagree.

For the reasons set forth by the district court, we agree that Agbodjan's possession of the access devices in the United States prior to entering Canada precludes a finding that the possession was a "foreign crime." Possession of such devices is a crime in the United States. *See* 18 U.S.C. § 1029(a)(3). The district court properly, and within its discretion, considered the possession *relevant conduct* in determining the offense level calculation. *See* U.S.S.G. §

2

1B1.3(a)(2) (relevant conduct includes acts that are part of the "same course of conduct or common scheme or plan as the offense of conviction").

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk