**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2013

(Submitted: February 3, 2014               Question Certified: November 19, 2014
Question Answered: June 24, 2015               Decided: September 4, 2015)

Docket No. 13-830-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NAF HOLDINGS, LLC,

      *Plaintiff-Counter-Defendant-Appellant*,

v.

LI & FUNG (TRADING) LIMITED,

      *Defendant-Counter-Claimant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LEVAL, CALABRESI and LYNCH, *Circuit Judges*.

     Plaintiff NAF Holdings, LLC, appeals from the judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*) granting summary judgment in favor of Defendant Li & Fung (Trading) Limited. Having certified to the Delaware Supreme Court the question whether, under Delaware law, Plaintiff was required to bring its breach of contract claim as a derivative action, and received the Delaware Court's answer in the negative, the Court of Appeals concludes that Plaintiff is not barred from pursuing its claim directly. The judgment of the district court is, therefore, VACATED and the case REMANDED for consideration of Defendant's remaining arguments in support of its motion for summary judgment.

                              George A. Reihner, Wright & Reihner, P.C., Scranton, Pennsylvania, for *Plaintiff-Counter-Defendant-Appellant*.

John J. Hay & Ulyana Bardyn, Salans FMC SNR
Denton Europe LLP, New York, New York, for
*Defendant-Counter-Claimant-Appellee*.

PER CURIAM:

Plaintiff NAF Holdings, LLC ("NAF"), appeals from the judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*) granting summary judgment in favor of Defendant Li & Fung (Trading) Limited ("Trading"). We assume familiarity with our prior opinion certifying a question to the Delaware Supreme Court, *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 772 F.3d 740 (2d Cir. 2014), and the Delaware Court's answer, *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, No. 641, 2015 WL 3896792 (Del. June 24, 2015). We briefly review the pertinent facts.

In 2008, NAF, a Delaware limited liability holding company wholly owned by Efrem Gerszberg, began to pursue acquisition of Hampshire Group, Limited ("Hampshire"), through a tender offer for its stock. In anticipation, NAF entered into a contract with Trading, by which Trading agreed to serve as Hampshire's sourcing agent once NAF acquired Hampshire. After making its contract with Trading, NAF decided to effectuate its acquisition of Hampshire through two newly created subsidiaries, NAF Holdings II LLC ("NAF II"), a wholly-owned subsidiary of NAF, and NAF Acquisition Corp. ("NAF Acquisition"), a wholly-owned subsidiary of NAF II (collectively, "the NAF Subsidiaries"). The NAF Subsidiaries entered into a merger agreement with Hampshire ("Merger Agreement"), to be consummated upon the NAF Subsidiaries' successful acquisition of Hampshire's stock through a tender offer. Trading then allegedly repudiated and refused to perform its contractual obligation to NAF to serve as Hampshire's sourcing agent. Trading's repudiation prevented the NAF Subsidiaries from obtaining the credit they needed to acquire the Hampshire shares and allegedly caused them losses in excess of $30 million, which in turn caused substantial loss to their parent, NAF.

NAF's complaint alleges that Trading breached its contractual promise to NAF to serve as Hampshire's sourcing agent and seeks damages for the harm NAF suffered as the result of Trading's breach.

The district court granted summary judgment in favor of Trading on the ground that any injury to NAF resulted from injury to its subsidiaries, so that "any right NAF has to bring suit would therefore be in a derivative, not direct, capacity." *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, No. 10 Civ. 5762(PAE), 2013 WL 489020, at *4 (S.D.N.Y. Feb. 8, 2013). In so ruling, the district court relied on broad categorical language from *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004), which, if applied to this claim, would bar direct suit. *See NAF Holdings*, 2013 WL 489020, at *6 (citing *Tooley*, 845 A.2d at 1039). The district court further reasoned that NAF was barred from bringing its claim as a derivative action on behalf of the NAF Subsidiaries as a result of a settlement agreement the NAF Subsidiaries and Gerszberg made with Hampshire.[1]

On appeal, we noted significant differences between NAF's claim against Trading for breach of contract and the types of claims in *Tooley* and its progeny. We concluded that, notwithstanding the broad language of *Tooley*, the Delaware Supreme Court might find that

---

[1] After the termination of the Merger Agreement, NAF, the NAF Subsidiaries, and Gerszberg drafted a complaint against Hampshire, alleging a variety of claims. On September 28, 2009, Gerszberg and the NAF Subsidiaries entered into a Settlement Agreement and Release (the "Settlement Agreement") with Hampshire. Hampshire paid the NAF Subsidiaries and Gerszberg $833,000 in exchange for a full release of all claims relating to the failed merger. The Settlement Agreement also prohibited the NAF Subsidiaries and Gerszberg (but not NAF) from

> institut[ing] . . . or voluntarily aid[ing] in . . . any action, claim, suit, proceeding, arbitration or cause of action of any kind whatsoever . . . *against any person, whether or not a party to this Settlement Agreement,* to recover damages . . . or *any other losses allegedly sustained as a result of the Transaction Agreements or the Transaction.*

*NAF Holdings*, 772 F.3d at 742.

NAF's contract claim did not fall under the *Tooley* rule. *See NAF Holdings*, 773 F.3d at 745.

Accordingly, under Second Circuit Local Rule 27.2 and Delaware Supreme Court Rule 41(a)(ii), we certified the following question to the Delaware Supreme Court:

> Where the plaintiff has secured a contractual commitment of its contracting counterparty, the defendant, to render a benefit to a third party, and the counterparty breaches that commitment, may the promisee-plaintiff bring a direct suit against the promisor for damages suffered by the plaintiff resulting from the promisor's breach, notwithstanding that (1) the third-party beneficiary of the contract is a corporation in which the plaintiff-promisee owns stock; and (ii) the plaintiff-promisee's loss derives indirectly from the loss suffered by the third-party beneficiary corporation; or must the court grant the motion of the promisor-defendant to dismiss the suit on the theory that the plaintiff may enforce the contract only through a derivative action brought in the name of the third-party beneficiary corporation?

*Id.* at 750.

In reply, the Delaware Supreme Court ruled that "a party to a commercial contract may sue to enforce its contractual rights directly, without proceeding by way of a derivative action." *NAF Holdings*, 2015 WL 3896792, at \*3. The Court reasoned that *Tooley* does not subject commercial contract actions to a derivative suit requirement, and clarified that the *Tooley* rule "was intended to deal with a different subject: determining the line between direct actions for breach of fiduciary duty suits by stockholders and derivative actions for breach of fiduciary duty suits subject to the demand excusal rules set forth" in Delaware law. *Id.* The Delaware Supreme Court thus clarified that Delaware law is not as the district court reasonably believed, and that NAF may bring its suit for breach of contract by a direct action against Trading.

The district court's further ground for dismissal was that a derivative action on behalf of the NAF Subsidiaries is barred by their Settlement Agreement with Hampshire which forbids the Subsidiaries from bringing a suit arising from the failed merger. Under the Settlement Agreement, the NAF Subsidiaries and Gerszberg (but not NAF) agreed with Hampshire that they

4

would not initiate an action *"against any person, whether or not a party to this Settlement Agreement*, to recover damages . . . or *any other losses allegedly sustained as a result of the Transaction Agreements or the Transaction.*" *NAF Holdings*, 772 F.3d at 742. The district court's ruling that NAF's suit was precluded by the terms of the Settlement Agreement was premised on its conclusion that this is a derivative suit brought on behalf of the NAF Subsidiaries, which contracted not to sue any other person. That reasoning is no longer applicable in light of the Delaware Supreme Court's clarification that NAF properly brought this suit as its own direct action against Trading.

We remand for consideration of whether the Settlement Agreement bars this direct suit (as well as consideration of Defendant's other two grounds for summary judgment). We note that even if the terms of the Settlement Agreement are interpreted as applying to a suit directly brought by NAF, it is not clear that Trading has standing to enforce Hampshire's contract right to bar this action. From the text of the agreement, it appears that Hampshire negotiated the provision barring suits against other entities for its own protection—to avoid being dragged into another litigation as a third-party defendant. Whether Hampshire intended to make Trading a third-party beneficiary of its contract right is ambiguous.[2] We make no ruling on these questions. We leave it to the district court to consider what impact, if any, the Settlement Agreement has on NAF's ability to pursue its contract claim against Trading in a direct action.[3]

---

[2] The question whether Trading is entitled to enforce Hampshire's contract rights might be mooted if Hampshire intervenes or otherwise effectively authorizes Trading to enforce Hampshire's right.

[3] The Delaware Supreme Court noted that its ruling that NAF could pursue its claim by direct action was not intended to resolve whether the Settlement Agreement affects NAF's claim. *See NAF Holdings*, 2015 WL at 3896792, at *5.

**CONCLUSION**

For the reasons stated above and based on the Delaware Supreme Court's answer to this court's certified question, the judgment of the district court is hereby **VACATED**[4] and the case **REMANDED** for the district court to conduct further proceedings,[5] including consideration of the defendant's remaining arguments in support of its motion for summary judgment. We thank the Delaware Supreme Court for its assistance in resolving the challenging question of Delaware law raised in this appeal.

---

[4] Because we vacate the district court's judgment and remand for further proceedings, we need not rule on NAF's remaining grounds for appeal.

[5] NAF has requested that the case be remanded to a different judge. NAF Post Argument Letter Brief at 3 (July 13, 2015). We deny this request because there is nothing in the record that would suggest any reason for such an action. *See United States v. Cossey*, 632 F.3d 82, 89 (2d Cir. 2011) (stating that reassignment is called for "only in the rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt.") (quoting *United States v. Bradley*, 812 F.2d 774, 782 n.9 (2d Cir. 1987))).