14-4566
*United States v. Schliebener*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

Present:
ROBERT A. KATZMANN,
 *Chief Judge*,
DENNIS JACOBS,
RICHARD C. WESLEY,
 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

 *Appellee*,

   v.          No. 14-4566

WILLIAM SCHLIEBENER, JR.,

 *Defendant-Appellant*.

_____

For Appellee:      JOSEPH J. KARASZEWSKI, Assistant United States
           Attorney, *for* William J. Hochul, Jr., United States

1

Attorney for the Western District of New York, Buffalo, New York.

For Defendant-Appellant:        JEFFREY L. CICCONE, Jay S. Ovsiovitch, Federal Public Defender's Office for the Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant William Schliebener, Jr., appeals a judgment of conviction and sentence entered by the United States District Court for the Western District of New York (Geraci, *J.*) on December 3, 2014. Following Schliebener's plea of guilty to one count of transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) and three counts of knowingly producing child pornography in violation of 18 U.S.C. §§ 2251(a), (e), the district court sentenced him to 300 months' imprisonment and 15 years of supervised release. We assume the parties' familiarity with the facts and the procedural history of this case.

"A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings with respect to sentencing, established by a 'preponderance of the evidence,' are reviewed for clear error." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (quoting *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004)).

Schliebener argues first that the district court's application of the "one-book rule" when calculating Schliebener's Guidelines range violated his rights under the *Ex Post Facto* Clause. The one-book rule instructs that, "[i]f the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses." U.S. Sentencing Guidelines Manual § 1B1.11(b)(3) (2015). In this case, the revised edition of the Guidelines Manual in effect at the time Schliebener committed his fourth offense (the transportation count) contained additional enhancements applicable to his three earlier offenses (the production counts) that did not exist at the time Schliebener committed those earlier offenses. Application of the one-book rule resulted in the district court calculating a Guidelines range of 324 to 405 months' imprisonment instead of a range of 168 to 210 months' imprisonment.

Schliebener's argument is foreclosed by our decision in *United States v. Kumar*, 617 F.3d 612 (2d Cir. 2010). There, we explained that "[t]he existence of an *ex post facto* violation turns on whether an individual was deprived of fair notice . . . ." *Id.* at 628. Accordingly, because the "adoption of the one-book rule prior to the commission of the [defendant's first] offense . . . place[s] [the defendant] on notice of the consequences of committing [a] second offense," there is no violation of the *Ex Post Facto* Clause when the rule is applied. *Id.* Schliebener claims that, notwithstanding *Kumar*'s general rule, he lacked notice here because the offense conduct underlying the production counts took place in North Carolina and those counts were included in his plea agreement in the District Court for the Western District of New York only as a result of

3

his agreement to waive any objection based on venue. However, although Schliebener is correct that his waiver facilitated his prosecution in the Western District of New York, it is undisputed that no waiver was needed for the government to prosecute all counts, including the transportation count, in a single district in North Carolina. *See* 18 U.S.C. § 3237(a). Schliebener was therefore on notice that he could be sentenced for all offenses in a single proceeding and that, as a result, the commission of the transportation count would result in increased penalties for the production counts. Because such notice is all that is required, *Kumar*, 617 F.3d at 628, the location in which (on his consent) Schliebener was ultimately convicted and sentenced is irrelevant to our analysis of his *ex post facto* claim.

We also reject as meritless Schliebener's contention that the district court clearly erred in applying an enhancement for the commission of a sex act in connection with the transportation count. *See* U.S. Sentencing Guidelines Manual § 2G1.3(b)(4) (2013). The district court received evidence that Schliebener's minor victim in the transportation offense told authorities that Schliebener had intercourse with her and performed oral sex on her, both of which are sex acts. *See* 18 U.S.C. § 2246(2); U.S. Sentencing Guidelines Manual § 2G1.3 cmt. n.1 (2013). Although, as Schliebener observes, an analysis of a rape kit test produced no evidence of semen or saliva, the victim also stated that Schliebener had condoms and that she showered before the rape kit test was performed. Given the undisputed evidence in the record that Schliebener committed sex acts on other minors, it was not clear error for the district court to credit the victim's statements and to view them as explaining the seemingly inconsistent rape kit results.

4

We have considered all of Schliebener's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK