**UNITED STATES of America,
Appellee,**

v.

**Francis GUERRA, aka BF,
Defendant–Appellant.**

No. 14–1025.

United States Court of Appeals,
Second Circuit.

April 26, 2016.

Seth Ginsberg, Law Office of Seth Ginsberg, New York, NY, for Appellant.

Allon Lifshitz, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, on the brief), for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, RICHARD C. WESLEY, and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Francis Guerra appeals from a judgment of conviction in the United States District Court for the Eastern District, sentencing him to fourteen years' imprisonment. A jury convicted Guerra on two prescription drug counts—conspiracy to distribute and distribution of oxycodone, *see* 18 U.S.C. §§ 841(a)(1), (b)(1)(C), 846— and four counts of wire fraud, *see* 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Guerra first challenges the District Court's findings of fact of 159.43 grams of oxycodone after a drug-quantity sentencing hearing. Such findings of fact must be supported by a preponderance of the evidence, and we review them for clear error. *See United States v. Cossey,* 632 F.3d 82, 86 (2d Cir.2011) (per curiam). "Clear error" requires "the reviewing court on the entire evidence [to be] left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct.

1504, 84 L.Ed.2d 518 (1985) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* After weighing all the relevant evidence, the District Court found the drug quantity proven on the basis of documentary medical and telephone records, recorded conversations, and witness testimony regarding the methodology of the scheme. Its view of the evidence is a permissible one and, therefore, not clearly erroneous.

Guerra also argues in less than a page that the District Court's reliance on acquitted conduct renders the sentence unreasonable. The ability of district courts to sentence on the basis of acquitted conduct proved by a preponderence of the evidence is well established. *See, e.g., United States v. Watts,* 519 U.S. 148, 149, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Vaughn,* 430 F.3d 518, 525–27 (2d Cir.2005) (Sotomayor, J.). Accordingly, the District Court's decision to do so here does not render the sentence substantively unreasonable.

We have considered all of Guerra's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of conviction is **AFFIRMED**.