14-1025-cr
*United States v. Guerra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                              No. 14-1025

FRANCIS GUERRA, aka BF,

                    *Defendant-Appellant.*

---

FOR APPELLANT:        SETH GINSBERG, Law Office of Seth Ginsberg, New
                      York, NY.

FOR APPELLEE:          ALLON LIFSHITZ, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of conviction is **AFFIRMED**.

Francis Guerra appeals from a judgment of conviction in the United States District Court for the Eastern District, sentencing him to fourteen years' imprisonment. A jury convicted Guerra on two prescription drug counts— conspiracy to distribute and distribution of oxycodone, *see* 18 U.S.C. §§ 841(a)(1), (b)(1)(C), 846—and four counts of wire fraud, *see* 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Guerra first challenges the District Court's findings of fact of 159.43 grams of oxycodone after a drug-quantity sentencing hearing. Such findings of fact must be supported by a preponderence of the evidence, and we review them for clear error. *See United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). "Clear error" requires "the reviewing court on the entire evidence [to be] left

with the definite and firm conviction that a mistake has been committed."

*Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (internal quotation

marks omitted). "Where there are two permissible views of the evidence, the

factfinder's choice between them cannot be clearly erroneous." *Id.* After

weighing all the relevant evidence, the District Court found the drug quantity

proven on the basis of documentary medical and telephone records, recorded

conversations, and witness testimony regarding the methodology of the scheme.

Its view of the evidence is a permissible one and, therefore, not clearly erroneous.

Guerra also argues in less than a page that the District Court's reliance on

acquitted conduct renders the sentence unreasonable. The ability of district

courts to sentence on the basis of acquitted conduct proved by a preponderence

of the evidence is well established. *See, e.g.*, *United States v. Watts*, 519 U.S. 148,

149 (1997); *United States v. Vaughan*, 430 F.3d 518, 525–27 (2d Cir. 2005)

(Sotomayor, J.). Accordingly, the District Court's decision to do so here does not

render the sentence substantively unreasonable.

We have considered all of Guerra's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of conviction is

**AFFIRMED**.


        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk