20-888-cr
*United States v. Graham*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-one.

PRESENT:    ROBERT A. KATZMANN,
            GERARD E. LYNCH,
            WILLIAM J. NARDINI,
                *Circuit Judges.*

───────────────────────────────────

UNITED STATES OF AMERICA,
        *Appellee,*

  v.                                                    No. 20-888

KIMONE GRAHAM,
            *Defendant-Appellant.*

───────────────────────────────────

FOR APPELLEE:                      David C. James, Megan E. Farrell, Assistant
                                   United States Attorneys, *for* Seth D.
                                   DuCharme, Acting United States Attorney
                                   for the Eastern District of New York,
                                   Brooklyn, NY.

FOR DEFENDANT-APPELLANT:           Daniel Habib, Federal Defenders of New
                                   York, Inc., Appeals Bureau, New York, NY.

On appeal from the United States District Court for the Eastern District of New

York (William F. Kuntz, II, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kimone Graham appeals from a judgment of the district court, entered on March 9, 2020, sentencing Graham principally to 18 months of imprisonment for her convictions for importing cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3), and possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). She argues that the district court failed to consider a pertinent policy statement of the United States Sentencing Guidelines, in violation of 18 U.S.C. § 3553(a)(5), and thereby imposed a procedurally unreasonable sentence. We assume the reader's familiarity with the record.

We review Graham's sentence for procedural reasonableness, which is "akin to a 'deferential abuse-of-discretion standard.'"[1] *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). We will find a sentence procedurally unreasonable if the district court "fail[ed] to consider the § 3553(a) factors." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall*, 552 U.S. at 51). The fifth § 3553(a) factor requires the district court to consider "any pertinent policy statement" issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(5).

Graham requested that the district court grant a downward departure under one such policy statement, U.S.S.G. § 5H1.6, which states: "In sentencing a defendant convicted of an offense other than [certain offenses involving minors], family ties and responsibilities are not ordinarily

---

[1] Because Graham preserved her claim of error by informing the court that she wished it to downwardly depart from the Guidelines range pursuant to § 5H1.6, Application Note 1(B), we review her sentence for reasonableness, and not under the tougher standard of plain error review urged by the Government. *See United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

relevant in determining whether a departure may be warranted." Graham's sentencing submission quoted Application Note 1(B) to § 5H1.6[2] and argued that the separation and placement of her children, for whom she had been the sole caregiver, in three different homes and three different countries warranted a departure. Graham raised the issue again during sentencing proceedings, referencing the application note and her family situation. The Government argued that the impact of incarceration on Graham's family would not be extraordinary because Graham generally had been unemployed since February 2018, and there was no corroboration of her claims that her children were in precarious placements.

The district court made a statement during sentencing that, Graham argues, suggested that the court did not consider § 3553(a)(5) or § 5H1.6. When it reached the fifth factor in its orderly assessment of the § 3553(a) factors, the court stated, "That is not pertinent to the defendant's sentencing in this case." App'x at 91. In its written memorandum, the court reiterated that "[t]he fifth § 3553(a) factor, requiring the Court to evaluate 'any pertinent policy statement['] . . . is not pertinent to Defendant's sentencing." *Id*. at 105 (quoting 18 U.S.C. § 3553(a)(5)). Graham argues on appeal that these statements show that the district court failed to consider the fifth factor and § 5H1.6, and thereby imposed a procedurally unreasonable sentence.

---

[2] "A departure under this policy statement based on the loss of caretaking or financial support of the defendant's family requires . . . the presence of the following circumstances: (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family[;] (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration[;] (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family[; and] (iv) The departure effectively will address the loss of caretaking or financial support." U.S.S.G. § 5H1.6, Application Note 1(B).

The record on the whole makes clear, however, that the court was well aware that Graham was asking for a departure under § 5H1.6 based on her family circumstances. We presume that the district court "has considered all arguments properly presented . . . unless the record clearly suggests otherwise." *Cossey*, 632 F.3d at 87 (internal quotation marks and citation omitted). Here, the record demonstrates that the district court did consider Graham's request for a departure under § 5H1.6. The court acknowledged receiving Graham's sentencing submission, which detailed her request, and the court heard the parties argue whether Graham's incarceration would cause extraordinary hardship. The court acknowledged that the case would have an impact on Graham's family, and the court demonstrated its familiarity with the details of Graham's family situation during her sentencing presentation and when imposing sentence. The court also acknowledged that Graham had requested a downward departure, and the court's written sentencing memorandum cited the page in Graham's sentencing submission that quoted § 5H1.6 and detailed her family circumstances. Although the district court may not have realized that § 5H1.6 was a "policy statement," we are satisfied that the district court did consider the substance of Graham's request and therefore did not impose a procedurally unreasonable sentence.

We have considered Graham's remaining arguments and conclude that they provide no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4