20-4005-cr
*US v. Mendoza*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.**

PRESENT:   JOSÉ A. CABRANES,
      REENA RAGGI,
      SUSAN L. CARNEY,
          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*          20-4005-cr

      v.

RUDY MENDOZA, AKA SEALED DEFENDANT, 8, AKA RAUL PEREZ, AKA PEDRO MENDOZA,

      *Defendant-Appellant,*

JUAN R. CLIMICO, AKA SEALED DEFENDANT, 1, AKA MANUEL CLIMICO, AKA JUAN CLINICO, AKA SMILEY, AKA JUANITO, MARCO CRUZ, AKA MARCO ANTONIO CRUZ BELLO, AKA MARCOS CRUZ, AKA SEALED DEFENDANT, 2, AKA JUAN BELLO, AKA FREDDO GOMEZ, AKA BURRO, AKA MARIGUANO, FIDEL DEJESUS, AKA SEALED DEFENDANT, 3, AKA DUENDE, JORGE LEYVA, AKA SEALED DEFENDANT, 4, AKA CUCHA, JESUS MARTINEZ, AKA SEALED DEFENDANT, 5, AKA GAFAS, AKA TITO, RUBI MARTINEZ, AKA SEALED DEFENDANT, 6, ARTURO

MEDINA-LOPEZ, AKA SEALED DEFENDANT, 7, AKA
ARTURO MEDINA, AKA MARLBORO, YASMIN OSUNA,
AKA SEALED DEFENDANT, 9, AKA LA MONA, LA
MONO, MARCOS REYES, AKA SEALED DEFENDANT,
10, AKA MARCO REYES, AKA CUERVO, WILLIAM
ROJAS, AKA SEALED DEFENDANT, 11, AKA WILLY,
LUISBI SANTOS, AKA SEALED DEFENDANT, 12, AKA
CHOREJAS, AKA DUMBO, AKA LULU,

        Defendants.

---

**FOR DEFENDANT-APPELLANT:**          Steven Yurowitz, Newman & Greenberg LLP, New York, NY.

**FOR APPELLEE:**          Brett M. Kalikow, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 13, 2020 judgment of the District Court be and hereby is **AFFIRMED.**

In November 2014, Rudy Mendoza ("Mendoza") was sentenced principally to 300 months' imprisonment, including 240 months for (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (2) conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D) and 846; (3) conspiracy to commit Hobbs Act armed robbery, in violation of 18 U.S.C. § 1951; and (4) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in connection with the Hobbs Act robbery conspiracy, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; plus a 60-month consecutive term for (5) use of a firearm in connection with the Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] Mendoza appealed, and we affirmed the judgment. *United States v. Climico*, 754 F. App'x 25, 31 (2d Cir. 2018) (summary order).

---

[1] Mendoza was also charged with use of a firearm in connection with the racketeering conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), but he was acquitted of this count.

The Supreme Court granted certiorari and vacated the judgment, remanding to us for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). *Mendoza v. United States*, 140 S. Ct. 105 (2019). On remand, we affirmed the judgment for all counts except the § 924(c) count (the "remaining counts"). We vacated the judgment on the § 924(c) count along with the sentence, and remanded to the District Court for resentencing. *United States v. Climico*, 802 F. App'x 599, 600 (2d Cir. 2020) (summary order); *see United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) ("*Davis* precludes us from concluding . . . that . . . Hobbs Act robbery conspiracy . . . qualifies as a § 924(c) crime of violence.").

On remand to the District Court, the Probation Office prepared a Supplemental Presentence Report ("PSR") that, in the absence of the § 924(c) count, included two new enhancements for the use of a firearm related to the remaining counts. This resulted in an overall increase in Mendoza's offense level and a recalculated Guidelines range of 292 to 365 months' imprisonment. The District Court concluded that the Supplemental PSR correctly calculated the Guidelines range. App'x 91. Despite this, the District Court explained that it did not see "any reason why [it] should change the sentence that [it] gave [Mendoza] on the [remaining] counts, which was . . . 240 months." *Id.* 99. The District Court therefore sentenced Mendoza to a below-Guidelines sentence of 240 months' imprisonment. Mendoza appeals.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review a claim of procedural error in a district court's criminal sentence for an abuse of discretion. *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014). "Procedural error occurs in situations where . . . the district court miscalculates the Guidelines[,] . . . bases its sentence on clearly erroneous facts[,] or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted).

Mendoza argues on appeal that the District Court erred by applying a firearm enhancement related to his racketeering conspiracy offense, which he characterizes as "an enhancement wholly unrelated to the remand," thus "violat[ing] the mandate rule." Appellant's Br. 11. This argument misapprehends the nature of our remand in this case. As we have previously explained:

> When the conviction on one or more charges is overturned on appeal and the case is
> remanded for resentencing, the constellation of offenses of conviction has been changed and

the factual mosaic related to those offenses that the district court must consult to determine the appropriate sentence is likely altered. For the district court to sentence the defendant accurately and appropriately, it must confront the offenses of conviction and facts anew. . . . The "spirit of the mandate" in such circumstances is therefore likely to require *de novo* resentencing.

*United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002); *accord United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("*Quintieri* supplies two pertinent rules: (1) where a count of a conviction is overturned—as opposed to an aspect of a sentence—resentencing must be *de novo*; and (2) *de novo* means anew . . . .") (internal quotation marks omitted). Just so here.

Nor is Mendoza correct that the District Court failed to make the necessary factual findings to support the challenged firearms enhancement. The District Court adopted the factual findings of the Supplemental PSR. That PSR contained facts regarding the racketeering conspiracy and the underlying extortion predicate that provided a sufficient basis for the District Court to conclude, by a preponderance of the evidence, that the firearms enhancement applied. App'x 100; *see* Supp. PSR at 8-11; *United States v. Malki*, 609 F.3d 503, 511 (2d Cir. 2010) ("[A] district court satisfies its obligation to make the requisite factual findings when it explicitly adopts the factual findings set forth in the presentence report.").

Even if we were to assume, *arguendo*, that there was error in the District Court's adoption of the Supplemental PSR, we would still affirm the judgment, because any such error would have been harmless. The enhancements included in the Supplemental PSR *increased* the Guidelines range for the remaining counts of conviction. The District Court, however, varied from the Guidelines range, imposing a below-Guidelines sentence, based on the Guidelines range calculated for the remaining counts in the *original* PSR. As Judge McMahon explained, she had "problems" with "the notion that acquitted conduct can be taken into account" and although she "appreciate[d] the lawfulness of" imposing a higher sentence based on the new enhancements, she was "just not inclined to go there." App'x 90, 99; *id.* at 105-06 ("I didn't take into account that new guideline. I looked at it, and I said I'm going to ignore that."); *id.* at 107 ("I considered [the Guidelines], and I considered them not to be what should control in this case."). In other words, the District Court resentenced Mendoza *despite* the new firearms enhancements, rather than in accordance with them. App'x 98-99 ("[T]he question for me is . . . has anybody shown me any reason why I should change *the sentence that I gave you* on the other four counts, which was 20 years, 240 months? And the answer to that question is no.") (emphasis added). Any error in the calculation of the Guidelines range would therefore have been harmless. *Ulbricht*, 858 F.3d at 124.

4

**CONCLUSION**

We have reviewed all of the arguments raised by Mendoza on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 13, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court