NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0470n.06

Case No. 24-3096

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 26, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JONATHAN ROUSH, | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BUSH and MURPHY, Circuit Judges.

SUTTON, Chief Judge. Jonathan Roush pleaded guilty to possessing child pornography. The district court sentenced him to 210 months in prison. He challenges his sentence as substantively and procedurally unreasonable. We disagree and affirm.

The relevant events began while Roush served parole for having sex with a 15-year-old girl. As conditions of parole, he had to live at a men's shelter and could not possess firearms. Soon after he began his current term of parole, Ohio law enforcement officers learned that he was staying at a private residence. They apparently told federal marshals, who arrested Roush as a "Violator at Large" of his state parole conditions. R.143 at 4.

Roush had violated more than the residence requirement, as it happens. Soon after his arrest, the manager of Ohio Motel notified police that Roush had used a fake name to rent a room where he kept sex toys, a laptop, and an iPad. Ohio parole officers and the FBI searched the laptop

and found 45 images and 38 videos of child pornography. Some involved violence, animals, victims under 12, and known missing children. Combined with what Roush streamed online, forensic investigators concluded that he possessed more than 74 minutes of illicit footage.

Roush pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The presentence report recommended a Guidelines range of 130 to 162 months. On the morning of sentencing, Roush presented a six-page psychological evaluation by Dr. Mark Lovinger vouching for his potential to "correct his behavior" and attesting to his "remorse, regret, and shame." R.150 at 4–5. Roush asked for a 132-month sentence. He emphasized his childhood abuse, addiction to pornography and alcohol, and commitment to rehabilitation.

The district court sentenced Roush to 210 months instead, imposing a 59% upward variance. It minimized the report's weight because Roush's history of sex-crime convictions— including three "hands-on" offenses involving children, R.162 at 43–48—undercut the promises of rehabilitation.

On appeal, Roush attacks his sentence on procedural and substantive grounds.

*Procedural Reasonableness.* As a matter of procedure, a district court must properly calculate a defendant's Guidelines range, treat it as advisory, consider the § 3553(a) factors, refrain from considering impermissible factors or clearly erroneous facts, and explain the rationale of its sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Section 3553(a), in turn, asks the court to consider the nature of the offense, the defendant's history and characteristics, and the sentence's deterrent, punitive, and rehabilitative functions. We review the district court's efforts for abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).

The district court satisfied these requirements. It considered the stipulated Guidelines range before it varied upwards. And it relied on the § 3553(a) factors to explain why. The

circumstances of the offense—Roush's possession of pornography involving violence, young children, and animals—made the offense "more serious than most." R.162 at 39. So did Roush's history as an armed, "hands-on offender" who attempted to have sex with minors on three separate occasions and discussed abusing his own minor children. R.162 at 40–41, 48. Those facts prompted the court to conclude that 210 months reflected the gravity of the offense and the need for deterrence.

Roush responds that the district court failed to explain why it ignored his psychiatric report. That's wrong, twice over. First, the court reviewed the evaluation but found it of "little use," even after giving Roush a short recess to explain it. Second, the court adequately explained why the report deserved little weight. Its five pages of analysis largely echoed Roush's sentencing memorandum and offered scant foundation for the psychologist's conclusions. What reasoning did appear did not discuss, let alone explain, Roush's prior sex offenses and serial parole violations. In the face of such weak support, the district court could fairly conclude that the report's promises of rehabilitation rang hollow.

*Substantive Reasonableness*. As a matter of substance, a sentence must be "sufficient, but not greater than necessary," to reflect the need for just punishment, deterrence, public safety, and rehabilitation. 18 U.S.C. § 3553(a). In addressing arguments that a sentence is "too long" or "too short" based on these factors, we give considerable deference to the district court. *Rayyan*, 885 F.3d at 442.

The district court did not abuse its discretion. True, the 210-month sentence varied substantially above the Guidelines range. But the court reasonably recognized that Roush's "history of abusing other teens sexually" placed him in an "entirely different posture" from other child-pornography defendants. The similarity between his prior convictions and the instant offense

3

also demonstrated a need for greater deterrence and an upward variance. *United States v. Lee*, 974 F.3d 670, 678 (6th Cir. 2020). So did Roush's "quick[] and rapid[]" return to sex offenses while on parole, possession of firearms, ownership of especially disturbing content, and willingness to discuss sexually abusing his own children. R.162 at 40, 49–50. Given those facts and the need for deterrence and public protection, the court could reasonably find that the Guidelines represented the start, not the finish, of the sentencing inquiry.

Roush reprises his procedural unreasonableness arguments in response. He cites three out-of-circuit cases where the district court erred by ignoring probative psychiatric evaluations. In one, a district court insisted that a defendant with no history of sexually assaulting children would do so in the future despite a "lengthy psychological evaluation" to the contrary. *United States v. Dorvee*, 616 F.3d 174, 177, 183–84 (2d Cir. 2010). In another, a district court inexplicably discounted "specific and highly positive" reports that a teenager lacking "any criminal history" would stop viewing child pornography after therapy. *United States v. Olhovsky*, 562 F.3d 530, 541, 547–51 (3d Cir. 2009). In the last, the court rejected psychological evidence to embrace a baseless theory that a defendant's genes impelled him to view child pornography. *United States v. Cossey*, 632 F.3d 82, 87–88 (2d Cir. 2011) (per curiam).

These cases do not suffice to second guess this sentence. The defendants in those cases offered reports with new and substantial insights. Here, Roush offered a flimsy report that failed to explain his history of child abuse. The district court reasonably chose to give it little weight.

We affirm.

4